## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DARRELL GRIMES, | ) |
| | ) |
| Petitioner, | ) |
| v. | )  No. 1:05-cv-1401-SEB-VSS |
| | ) |
| STANLEY KNIGHT, Superintendent, | ) |
| | ) |
| Respondent. | ) |

### Entry Discussing Petition for Writ of Habeas Corpus

This action for a writ of habeas corpus brought by Darrell Grimes must be **dismissed without prejudice.** This conclusion rests on the following facts and circumstances:

1.     Grimes is confined at an Indiana prison serving the executed portion of sentences imposed by an Indiana state court following his conviction for dealing in cocaine. The evidence favorable to the verdict was that on March 14, 1997, Grimes sold two small rocks of cocaine to an undercover police officer, Detective Berry, after a confidential informant (C.S.) had introduced the two. His conviction was affirmed on appeal in *Grimes v. State,* No. 49A02-9811-CR-916 (Ind.Ct.App. Jan. 20, 2000). Grimes argued in his direct appeal that: (1) the trial court erred by refusing to allow testimony from a witness belatedly disclosed to the State (Tyrone Dixon); and (2) the trial court erred in refusing two instructions tendered by Grimes on the defense of entrapment. The trial court's denial of Grimes' petition for post-conviction relief was affirmed on appeal in *Grimes v. State,* No. 49A02-0407-PC-00562 (Ind.Ct.App. 2005). Grimes argued in his post-conviction action, both in the trial court and in the appeal from the denial of the petition for post-conviction relief, that trial counsel had rendered ineffective assistance in failing to successfully present the testimony of two witnesses, Carla Pollard and Tyrone Dixon.

2.     Grimes now seeks a writ of habeas corpus. His claims are the following: (1) the trial court violated his right to due process by refusing the testimony of Tyrone Dixon; (2) trial counsel was ineffective for failing to successfully investigate, prepare, and present Dixon's testimony; (3) trial counsel was ineffective for failing to successfully investigate, prepare, and present Pollard's testimony; (4) trial counsel was ineffective for failing to object to the manner in which the trial court polled a juror about her verdict; and (5) trial counsel was ineffective for failing to attempt to strike Indiana Court of Appeals Judge Patrick Sullivan from the jury.

3. A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). Review of Allen's habeas action is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561.

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 125 S. Ct. 1432, 1438-39 (2005) (internal citations omitted). The Seventh Circuit has explained that the "unreasonable application" prong of § 2254(d)(2) "is a difficult standard to meet." *Jackson v. Frank,* 348 F.3d 658, 662 (7th Cir. 2003).

> "unreasonable" means "something like lying well outside the boundaries of permissible differences of opinion." *Hardaway v. Young,* 302 F.3d 757, 762 (7th Cir. 2002). We have held that under this criterion, habeas relief should not be granted if the state court decision can be said to be one of several equally-plausible outcomes. *Boss v. Pierce,* 263 F.3d 734, 742 (7th Cir. 2001).

*Id.*

4. In addition to the substantive standard set out above, "habeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). The purpose of the rules of procedural default is to "afford[ ] to the state courts an opportunity to correct a constitutional violation." *Duckworth v. Serrano*, 454 U.S. 1, 4 (1981).

5. Of the several habeas claims, one specification of ineffective assistance of counsel is that Grimes' trial counsel was ineffective for failing to object to the manner in which the trial court polled a juror about her verdict. This claim was not presented to the

Indiana state courts at any point. It is defaulted here, and Grimes has not shown circumstances sufficient to overcome the consequences of this default. Similarly, the claim that Grimes' attorney was ineffective for failing to attempt to strike Indiana Court of Appeals Judge Patrick Sullivan from the jury was not included in Grimes' petition for transfer to the Indiana Supreme Court. He has defaulted as to this claim.

   6.  The claims which were fairly presented to the Indiana state courts are that the trial court violated Grimes' right to due process by refusing the testimony of Tyrone Dixon, that Grimes' trial counsel was ineffective for failing to successfully investigate, prepare, and present Dixon's testimony, and that Grimes' trial counsel was ineffective for failing to successfully investigate, prepare, and present Pollard's testimony. As to these claims, there was no portion of the decisions of the Indiana Court of Appeals which "appl[ied] a rule that contradicted the governing law" or made a decision that involved a set of facts materially indistinguishable from a Supreme Court case and arrived at a different result. *Williams v. Taylor,* 529 U.S. 420, 405-06 (2000). Accordingly, (1) AEDPA's deferential standard applies to these claims and, (2) the "contrary to" prong of § 2254(d)(1) is not implicated by the circumstances of this claim. Additionally, the § 2254(d)(2) presumption of correctness as to the factual findings of the Indiana state courts applies here, because Grimes has not shown by clear and convincing evidence, nor by any evidence at all, that the recitation of evidence and factual findings by the Indiana state courts is not correct.

   7.  This leaves for consideration the "unreasonable application" prong of § 2254(d)(1). The Seventh Circuit Court of Appeals has explained:

> An unreasonable application of federal law encompasses situations where, among other things, "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407. An incorrect application of clearly established federal law is not necessarily an unreasonable one. *Hough v. Anderson,* 272 F.3d 878, 890 (7th Cir. 2001). As such, a federal court cannot substitute its independent judgment as to the correct outcome; rather, it must determine that a state court decision was both incorrect *and* unreasonable before it can issue a writ of habeas corpus. *Washington v. Smith,* 219 F.3d 620, 628 (7th Cir. 2000).

*Davis v. Litscher,* 290 F.3d 943, 946 (7th Cir. 2002). "The state court decision is reasonable if it is 'minimally consistent with the facts and circumstances of the case."' *Schultz v. Page,* 313 F.3d 1010, 1015 (7th Cir. 2002) (quoting *Schaff v. Snyder,* 190 F.3d 513, 522 (7th Cir. 1999)), *cert. denied*, 528 U.S. 1057 (2003). Grimes has not met his burden of showing that "the application of federal law [by the Indiana state courts] was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)). Specifically, the Indiana Court of Appeals reasonably concluded in Grimes' direct appeal that the error in refusing to permit Dixon's testimony was harmless because Dixon's testimony would have been cumulative of that of Arretta Anderson, who did testify at trial. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal

habeas court to re-examine state-court determinations on state-law questions"); *Dressler v. McCaughtry,* 238 F.3d 908, 914 (7th Cir. 2001). Federal habeas courts may only review a state evidentiary ruling if it is erroneous and is of a constitutional magnitude, *i.e.,* the state court's ruling must be so prejudicial as to compromise the habeas petitioner's due process right to a fundamentally fair trial creating the likelihood that an innocent person was convicted. *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000).

7. As to the various specifications of attorney ineffectiveness, the Indiana Court of Appeals considered these in Grimes' appeal from the denial of his petition for post-conviction relief. The Indiana Court of Appeals noted the applicable two-prong test of *Strickland v. Washington,* 466 U.S. 668, 695 (1984)(to support an ineffective assistance of counsel claim under *Strickland,* a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense), and noted that Detective Berry's testimony alone would have been sufficient to establish Grimes' predisposition to sell drugs. This defeats Grimes' argument that his defense of entrapment was improperly kept out of the trial. Thus, Grimes was not prejudiced in the sense contemplated by *Strickland* even though Dixon and Pollard were not called to testify, because the prejudice prong of *Strickland* requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; see also *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004).

8. This court has carefully reviewed the state record in light of Grimes' claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Grimes to relief in this case. Grimes' petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  02/28/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana